Burton, J.,
delivered the opinion of the court.
The first-named case is a bill filed in the Chan-eery Court of Memphis. The second-named bill is *622 filed in the Second Chancery Court of Shelby County.
The object of each bill is the same, viz:. To assert the implied lien of the vendor for unpaid purchase money on the sale or assignment of a leasehold interest or term for years in certain property in the city of Memphis. The lease of the property in the first case, expires on the 17th day of January, 1887, and in the other case on the 1st day of January, 1888.
The bills were demurred to, and the main ground of demurrer relied upon, is that the vendor’s lien does not arise or exist on the sale of a leasehold estate.
Both bills were dismissed upon demurrer, and the complainants have appealed in error to this court.
The cases were heard at the last term, when the court being divided upon the main question, a re-argument was ordered by the court of its own motion and the cases have been again submitted to us. No direct authority upon this question has been adduced from the decisions of the English courts; the cases in regard to copyhold estates not being to the purpose. This tenancy is a peculiar one, and the incidents of it are seemingly contradictory, for it is said of copyholders that though they are tenants at will, yet their estate shall descend to their heirs, and such descent ’shall be governed by the rules of the cómmon law. They had their estates granted them in fee but still at the will of the lord. But in fact they do not hold by. the precarious tenure of the lord’s will. For the good nature of many lords of manors having time out of mind, permitted their villains and *623 their children to enjoy their possessions without interruption in a regular course of descent, the common law gave them title to prescribe against their lords, and on performance of the customary service to' hold their lands in spite of any determination of the lord’s will. ■ 1 Blackstone, 95. The duration of a copy-holder’s estate may be as extensive as the estate holden by the most honorable service.
We have been furnished, however, by the industry .of counsel with several- American authorities upon the •direct question now in judgment, and cannot see that we can better express our views than by quoting from the opinion delivered in the cases cited. In Richardson v. Bowman, the Supreme Court of Mississippi held that the vendor of a leasehold estate in lands, had an equitable lien for unpaid purchase money. Harris, J., delivering the opinion of the court said: “We are unable to discover any reason why the general -rules applicable to the sale of real estate should be made to depend on the quantity of interest which the vendor has in the land.”
The principle upon which courts of equity have proceeded in establishing this lien in the nature of a trust, is that a person who has gotten the estate of another, ought not in conscience, as between them to be allowed to keep it and not to pay the full consideration money. Miss. R., 40, 782. The same question came before the Supreme -Court of Maryland in 1863, and was determined in the same way. Golds-borough, J., delivering the opinion of the court said: “We entertain no doubt that the appellee is fully *624 justified in claiming a vendor’s lien on the leasehold property sold by her, and that the same may be enforced in this ease in equity for the unpaid purchase money.” Such an estate as this being, for 99 years, renewable forever, so far partakes of the realty that the title can only pass by deed executed with all the solemnities which -are prescribed by law for the sale and conveyance of real estate, different in all respects from the sale and transfer of personal chattels, the title to which may pass by .simple delivery accompanying the sale. The point made by the appellant, that the appelee has no lien against leasehold property, is not supported by the authorities cited by him. Those are cases relating to the sale of .personal chattels, and we think the distinction is obvious. Maryland R., 21, 578, Bratt v. Bratt’s Adm’x. Cade v. Brownlee, 15 Indiana R., 369.
The Supreme Court of Indiana has denied the existence of the lien. All the reasoning of the court, - however is embraced in the syllogistic, statement that the vendor, of personal property has no general lien for unpaid purchase money upon such property after he has parted with the possession. A lease for a term of years, is personal property, and therefore the court concluded the lien does not exist. It may further be observed that from this case, it appears that the vendor’s lien has not met with favor in that court.
The reasoning of this last case is by no means satisfactory. The reason why a lien for the purchase money is denied to the vendor of a strictly personal chattel, is sufficiently obvious, such a chattel being *625 capable of manual delivery and passing by delivery from band to band, in general, the actual possession of such chattel is regarded as the exclusive evidence of ownership, and to allow the seller of it to pursue it into the hands of a third person for the purchase price, would be inconvenient and lead to frauds. But not so with a chattel real. It has, to be sure, many, nay most of the incidents of personal property, but still a term for years in land, is an estate in the land and the transfer of a lease of land for more than three years must be evidenced by a deed duly registered. Other important incidents belonging to real property attach to a leasehold estate, among which is that it is embraced by legal construction under our statutes, providing for redemption of land sold under execution. These considerations, we think, show that the reason why a lien is allowed in the one kind of property and not in the other, is found, not in the quantity or duration of the vendor’s estate, but results from the inherent differences between real and personal property.
When we look to the fundamental principles upon which courts of equity have proceeded in establishing this lien, we are unable to see why a party, who has gotten the leasehold estate of another, is not as much bound in conscience • to pay for it, as if it were a freehold, nor do we see why a court of equity should allow him to keep the estate without making payment, in the one case more than the other We think that the weight, both of reason and authoritv, is in favor of the lien.
*626 The decrees of the Chancellors below, sustaining the demurrer in Choate v. Tighe, is erroneous, and must be reversed, and that the decree in Christian v. Booth, overruling the demurrer must be affirmed.
Let the decrees be entered accordingly.